WHITE v. DEPARTMENT OF SOCIAL SERVICES

1. SOCIAL SECURITY AND PUBLIC WELFARE—AID TO DEPENDENT CHILDREN—ADMINISTRATION—STATUTES.

The state department of social services is authorized by statute to make rules for the guidance and regulation of county departments of social welfare in the administration of aid to dependent children assistance and the county departments of social welfare are obligated, by statute, to follow its requirements (MCLA §§ 400.18(b), 400.24, 400.36).

2. CONSTITUTIONAL LAW—PUBLIC TREASURY—APPROPRIATIONS.

The state Constitution prohibits payment out of the state treasury except in pursuance of appropriations made by law (Const 1963, art 9, § 17).

3. SOCIAL SECURITY AND PUBLIC WELFARE—AID TO DEPENDENT CHILDREN—AMOUNT OF ASSISTANCE—STATUTE.

Statute stating that the amount of aid to dependent children assistance granted shall be determined with due regard to the resources and necessary expenditures of the family to provide reasonable subsistence compatible with decency and health, does not mean that the amount of an individual aid to dependent children allowance be determined by these stand-

REFERENCES FOR POINTS IN HEADNOTES
[1, 3, 4] 41 Am Jur, Poor and Poor Laws §§ 14–16, 35 *et seq.*
[2] 42 Am Jur, Public Funds § 42.

ards alone but instead that it be determined by these standards applied within limits established by the state department of social services on the basis of funds appropriated or otherwise available (MCLA §§ 400.2, 400.16, 400.18 subd. (b), 400.36, 400.56 subd. (e)).

4. Social Security and Public Welfare—State Expenditures—Right to Limit.

A state may legitimately attempt to limit its expenditures, whether for public assistance, education or any other programs.

Appeal from Calhoun, Ronald M. Ryan, J. Submitted Division 3 October 9, 1969, at Lansing. (Docket No. 6,736.) Decided December 4, 1969. Leave to appeal denied February 19, 1970. See 383 Mich 768.

Complaint by Norma White against the Michigan Department of Social Services, R. Bernard Houston, its director, and the Calhoun County Department of Social Services, and Thomas Keenan, its director, for an increase in her Aid to Dependent Children allowance. Summary judgment for defendants. Plaintiff appeals. Affirmed.

*William L. Coash* and *Richard F. Baker* (Legal Aid Society of Calhoun County), for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Maxine Boord Virtue* and *Milton I. Firestone,* Assistants Attorney General, for defendants.

Before: Quinn, P. J., and Bronson and T. M. Burns, JJ.

Quinn, P. J. Plaintiff is the recipient of Aid to Dependent Children. She receives the maximum allowance provided in the rules and regulations

promulgated by the director of the State Department of Social Services. It is conceded that the amount received does not meet plaintiff's actual and reasonable demands by $9.12 per month, that she is a good manager and a good mother. The Aid to Dependent Children program is a public assistance program financed by matching state and federal funds which are disbursed by the state Department of Social Services through its county departments.

Plaintiff, in an effort to solve her financial plight, sought and obtained a hearing before the county department. A review of her case disclosed that plaintiff was receiving the maximum allowance permitted by state regulations, and she was denied relief. This determination was affirmed by the state director and plaintiff appealed to circuit court under MCLA § 400.37 (Stat Ann 1968 Rev § 16.437), which limits review to questions of law.

The state and plaintiff moved for summary judgment and the trial judge denied plaintiff's motion and granted the motion of the state. This appeal followed. Our hearts say reverse but the law says affirm, and our obligation under our constitutional oath of office must prevail over any personal feelings of sympathy for plaintiff's predicament. MCLA § 400.56 subd. (e) [Stat Ann 1968 Rev § 16.456 subd. (e)] reads in part:

"The amount of assistance which shall be granted for any dependent child shall be determined with due regard to the resources and necessary expenditures of the family including those of the stepparent if the child is living with a parent and a stepparent and with due regard to the conditions existing in each case, and in accordance with section 38 of this act and the rules and regulations of the state department, and shall be sufficient, when added to all other income and support available to the child, to provide

such child with a reasonable subsistence compatible with decency and health."

Briefly, it is plaintiff's position that the foregoing language requires that the amount of assistance granted must be determined in each case according to these standards and any regulation which establishes a maximum allowance under which these standards cannot be met is contrary to state policy as expressed in the statute. Hence, plaintiff argues the regulation is contrary to law.

There is merit in plaintiff's argument if we consider only the language quoted above. We cannot discharge our obligation and be so restricted.

Const 1963, art 9, § 17, prohibits payment out of the state treasury except in pursuance of appropriations made by law. The Department of Social Services is charged with the responsibility of administering the state department of social services. MCLA § 400.2 (Stat Ann 1968 Rev § 16.402). The department is required to submit to the governor or budget director the estimated needs and costs to operate the department. MCLA § 400.16 (Stat Ann 1968 Rev § 16.416). The department is required to provide for the allocation and distribution of money appropriated by the legislature and received from the federal government for Aid to Dependent Children. MCLA § 400.18 subd. (b) [Stat Ann 1968 Rev § 16.418 subd. (b)]. The state department is authorized to make rules and regulations for guiding and regulating county departments, MCLA § 400.24 (Stat Ann 1968 Rev § 16.424), and the latter are bound to follow such requirements, MCLA § 400.36 (Stat Ann 1968 Rev § 16.436).

In context with the foregoing, MCLA § 400.56 subd. (e), *supra,* cannot mean what plaintiff says it means. It can only mean that the amount of assistance granted must be determined in each case ac-

cording to the standards prescribed in (e) within the limits established by the state department on the basis of funds available. Any other meaning would result in financial chaos for the state department and could result in denial of any assistance to qualified recipients because of lack of funds.

As stated by the United States Supreme Court in *Shapiro* v. *Thompson* (1969), 394 US 618, 633 (89 S Ct 1322, 1330, 22 L Ed 2d 600, 614):

"We recognize that a state has a valid interest in preserving the fiscal integrity of its programs. It may legitimately attempt to limit its expenditures, whether for public assistance, public education, or any other program."

Affirmed but without costs, a public question being involved.

All concurred.